UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMELIA CAZARES,

                Plaintiff,

    v.                                             Case No. 25-cv-0537-bhl

ACRO INTERNATIONAL INC,

                Defendant.

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

      Plaintiff Amelia Cazares, who is legally blind, alleges that Defendant Acro International Inc. violated her rights under Title III of the Americans with Disabilities Act (ADA) by failing to maintain a website that is accessible to legally blind users. (ECF No. 1.) She further maintains that Acro International's failure to comply with Title III caused her emotional distress. (*Id.*) Cazares seeks a declaration that Acro International violated Title III, a permanent injunction compelling Acro International to bring its website into compliance with the ADA, and the opportunity to recover her costs and attorneys' fees.[1] (*Id.* at 20–21.) Acro International accepted service on May 7, 2025, but has never answered or otherwise appeared in the case. (*See* ECF No. 4.) As a result, on September 10, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). Cazares now seeks a default judgment under Rule 55(b)(2). (ECF No. 8.) Because the defaulted facts establish Acro International's violation of the ADA, the Court will grant Cazares's motion for default judgment but will order only part of the relief she requests. Cazares is entitled to an injunction compelling Acro International to comply with the ADA, but her requests for additional injunctive and declaratory relief are inappropriate. The Court will limit its judgment to an injunction compelling Acro International to comply with the ADA within 180 days.

---

[1] The complaint also requests nominal, punitive, and compensatory damages, (ECF No. 1 at 20–21), but Cazares appears to have abandoned that request in her motion for default judgment, (*see* ECF No. 8). Monetary damages are not available to private plaintiffs under Title III in any event. *See McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *5 (E.D. Wis. Mar. 19, 2024) (collecting cases).

## FACTUAL BACKGROUND[2]

Cazares is a legally blind resident of Milwaukee County in Wisconsin. (ECF No. 1 ¶¶2, 18–19.) She uses a screen-reading software program, which vocalizes visual information, to navigate the internet. (*Id.* ¶23.) For the software to function, the website must be capable of being rendered into text. (*Id.* ¶24.) Acro International is a New York Corporation that utilizes a public website, desiclik.com, to provide consumers with access to various traditional Indian sweets, dry fruits, clothing, and more. (*Id.* ¶¶20–21.) Cazares attempted to purchase spices from Acro International's website but was unable to do so because the site is incompatible with her accessibility tools. (*Id.* ¶39.)

## LEGAL STANDARD

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

## ANALYSIS

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). Cazares alleges that Acro International violated Title III by failing to develop and maintain its website to be accessible to legally blind individuals like herself. She seeks declaratory and injunctive relief, as well as the opportunity to recoup costs and attorneys' fees. Acro International has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against Acro International, however, it must examine whether the factual allegations in the complaint establish Acro International's liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc.

---

[2] These facts are derived from Cazares's complaint, (ECF No. 1), which the Court deems admitted due to Acro International's default. Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

Civ. §2688.1 (4th ed.); *see also GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

Cazares asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, Cazares must establish that (1) she is disabled under the ADA; (2) Acro International owns, leases, or operates a place of public accommodation; and (3) Acro International discriminated against her on the basis of her disability. *McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

Cazares alleges that she is legally blind. (ECF No. 1 ¶19.) This qualifies as a disability under the ADA. *See Tire Web*, 2024 WL 4144200, at *5; *see also McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3 (E.D. Wis. Mar. 19, 2024) (citing *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *14 (N.D. Ill. Nov. 15, 2023)). Cazares further alleges that Acro International owns, operates, and controls a public retail website, through which it sells goods and services. (ECF No. 1 ¶¶20–21.) The Seventh Circuit has confirmed that "a place of public accommodation" includes websites offering goods or services for sale. *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001); *see also* 42 U.S.C. §12181(7)(E) (including "sales . . . establishment" as a place of public accommodation under the ADA). Cazares also alleges that she attempted to purchase spices from Acro International's website but was unable to independently complete her purchase because the website was incompatible with the accessibility tools she utilizes to navigate the internet. (ECF No. 1 ¶39.) Taking her allegations as true, Cazares has established that Acro International discriminated against her on the basis of her disability by failing to make its website accessible to her. *See* 42 U.S.C. §12182(b)(2)(A)(ii)–(iii); *Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *4–5. Accordingly, Cazares's factual allegations, on which Acro International has defaulted, establish its liability under Title III.

For a remedy, Cazares asks that the Court: (1) enter an injunction directing Acro International to take specific steps to come into compliance with the ADA; (2) declare that Acro International's website violates Title III of the ADA; and (3) "reserve jurisdiction" to determine reasonable attorneys' fees and costs. (ECF No. 8 at 7.) The Court will grant only a portion of Cazares's requested relief.

To merit injunctive relief, Cazares must show four things: (1) she has suffered an irreparable injury; (2) traditional remedies are inadequate to compensate for her injury; (3) the balance of hardships between her and Acro International tip in her favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Cazares has suffered an irreparable injury because Acro International's website is inaccessible to her. *See Tire Web*, 2024 WL 4144200, at *6. She has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*, 703 F.3d at 1075). The balance of hardships weighs in Cazares's favor because, absent injunctive relief, she will be denied equal access to Acro International's products and services, while Acro International will only be required to expend some costs to bring its website into compliance with federal law. *See id.* at *7 (citing *Heid Music*, 2024 WL 1174352, at *7). And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities. *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Accordingly, the Court agrees that Cazares is entitled to injunctive relief.

Cazares's request for injunctive relief goes too far, however. She seeks an order directing Acro International to bring its website into compliance with the ADA and she asks the Court to direct Acro International to take specific steps to come into compliance. (ECF No. 8 at 7.) In particular, she identifies a number of items that she believes are required for ADA compliance. (*Id.*) This is unnecessary. The Court is required to "tailor injunctive relief to the scope of the violation found." *e360 Insight.*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)). The facts alleged in Cazares's complaint demonstrate that Acro International has violated Title III of the ADA. An injunction requiring Acro International to bring its website into compliance with the ADA is sufficient. If Acro International fails to comply with the injunction within 180 days, Cazares may bring suit to enforce it. *Tire Web*, 2024 WL 4144200, at *7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at *5 n.4 (S.D. Ind. Jan. 22, 2021)).

Cazares also asks the Court to declare that Acro International's "website violates Title III of the ADA." (ECF No. 8 at 7.) Cazares's briefing does not explain why she is entitled to declaratory relief, and this Court has concluded that declaratory relief is improper where, as here,

the plaintiff seeks a declaration establishing past discrimination. *See McCabe v. Markwins Beauty Products Inc.*, No. 24-cv-1004-bhl, 2025 WL 1555372, at *3 (E.D. Wis. June 2, 2025) (collecting cases). Accordingly, the Court will deny Cazares's request for declaratory relief.

Cazares also asks the Court to "[r]eserve jurisdiction to determine" her attorneys' fees and costs. (ECF No. 8 at 7.) This is unnecessary. Federal Rule of Civil Procedure 54(d) governs how to move for attorneys' fees and costs, and Cazares is free to utilize it as she sees fit.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Amelia Cazares's Motion for Default Judgment, ECF No. 8, is **GRANTED**. Her requested relief is **GRANTED in part** and **DENIED in part**. The Court will issue a permanent injunction ordering Acro International to bring its website into compliance with the ADA by separate order in compliance with *MillerCoors LLC v. Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d). All other requested relief is **DENIED**. The Clerk is directed to enter judgment in favor of Cazares.

Dated at Milwaukee, Wisconsin on January 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge